## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re: | ) |
| | ) |
| Express Integrated Technologies, LLC, | )   Case No. 16-12042-M |
| | )   Chapter 7 |
| Debtor. | ) |

### JOINT MOTION FOR ORDER APPROVING AND AUTHORIZING COMPROMISE AND SETTLEMENT, INTERIM DISTRIBUTION TO BNP PARIBAS, AND NOTICE OF OPPORTUNITY FOR HEARING

Scott P. Kirtley, Trustee, and BNP Paribas (**"BNPP"**) apply to this Court for approval and authority to settle the claim of BNPP pursuant to F.R.Bankr.P 9019. The Trustee and BNPP also apply to this Court to approve and authorize the Trustee's interim distribution to BNPP, and would show this Court as follows:

1. Express Group Holdings, LLC (**"EGH"**) filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code on November 9, 2016 (the **"Petition Date"**). EGH is the parent company of five (5) other wholly owned subsidiaries as follows, all of which were filed on the Petition Date:

| | |
|---|---|
| CCCG, LLC (**"CCCG"**) | 16-12040-M |
| Express Metal Fabricators, LLC (**"EMF"**) | 16-12041-M |
| Express Integrated Technologies, LLC (**"EIT"**) | 16-12042-M |
| ST2, LLC (**"ST2"**) | 16-12043-M |
| Express International Group, Inc. (**"EIG"**) | 16-12044-M |

2. Scott P. Kirtley is the duly appointed, qualified and acting Trustee of EGH, CCCG, EMF, EIT, ST2, and EIG.

3. EIG has no assets. The Trustee filed his Report of No Distribution on March 27, 2017. A Final Decree was entered on April 28, 2017.

4. A summary of the assets of remaining cases reflects:

1

**EGH**

RECEIPTS

| Description | Amount |
|---|---|
| Refund of Attorney's Fees (Tomlins) | $16,325.00 |
| Refund of Cobra Payment | $479.21 |
| Interest | $1.70 |
| Total: | $16,805.91 |

ADDITIONAL ASSETS

| Description | Estimated Value |
|---|---|
| Worker's Compensation Premium Refund | $100,000.00 |
| Preference/Fraudulent Transfers | $unknown |
| Total: | $100,000.00 |

As of July 14, 2017, the Trustee has $16,296.70 on deposit in his EGH financial account.

**CCCG**

RECEIPTS

| Description | Amount |
|---|---|
| Collection of Bank Account | $50,018.76 |
| Outdoor Sign Lease | $1,080.72 |
| American Express Refund | $51.39 |
| Interest | $1.31 |
| Total: | $51,152.18 |

ADDITIONAL ASSETS

| Description | Estimated Value |
|---|---|
| Murray, Utah Property | $3,750,000.00 |
| Insurance Claim | $200,000.00 |
| Big Cabin, Oklahoma Property | $600,000.00 |
| Locust Grove, Oklahoma Property | $500,000.00 |
| Preference/Fraudulent Transfers | $unknown |
| Total: | $5,050,000.00 |

As of July 14, 2017, the Trustee has $12,865.22 on deposit in his CCCG financial account.

**EMF**

RECEIPTS

| Description | Amount |
|---|---|
| Collection of Bank Account | $60,426.62 |

| | |
|---|---:|
| Accounts Receivable | |
|    Phoenix Industrial | $27,120.32 |
|    Air Products | $275,000.00 |
|    Sigma Thermal | $6,000.00 |
|    Sinclair Wyo. Refining | $13,689.00 |
|    Petro Chem | $135,000.00 |
|    West Fab | $412.50 |
|    Phoenix Industrial | $109,930.60 |
|    Vulcan Precision Linings | $10.00 |
|    Grand Mesa Electric | $11,626.00 |
|    Beacon Energy Services | $24,746.00 |
|    Trilicon Construction | $106,208.00 |
|    Curtiss-Wright | $2,056.00 |
|    FLSmidth | $76,441.70 |
|    Saulsbury Industries | $139,167.00 |
|    Clearstream Environmental | $80,137.00 |
|    Hamon Custodis | $1,905.00 |
|    Technip | $629,114.77 |
|    S&S Steel Fabrication | $31,519.00 |
|    Page Steel | $20,602.40 |
| Equipment, Furniture, Scrap Steel *(Innova Sale)* | $688,820.00 |
| Vehicles and Trailers *(Innova Sale)* | $76,200.00 |
| Equipment, Furniture, Scrap Steel *(Auction)* | $2,026,475.52 |
| Vehicles and Trailers *(Auction included above for the time being)* | $unknown |
| Refunds | $1,040.02 |
| Dividends | $224.03 |
| Interest | $211.73 |
| Total: | $4,544,083.211 |

## ADDITIONAL ASSETS

| *Description* | *Estimated Value* |
|---|---:|
| Preference/Fraudulent Transfers | $unknown |
| Total: | $unknown |

As of July 14, 2017, the Trustee has $4,193,653.98 on deposit in his EMF financial account.

**EIT**

RECEIPTS

| *Description* | *Amount* |
|---|---:|
| Collection of Bank Account | $307,618.89 |
| Accounts Receivable | |
|    Constellation | $91,959.83 |
|    Aluma Systems | $23,472.50 |

| | |
|---|---:|
| GE (Innova) | $3,150,000.00 |
| SWES | $112,000.00 |
| Fluor | $21,500.00 |
| Lauren/Toyo | $314,488.41 |
| Vehicles | |
| 2006 Honda Accord | $4,000.00 |
| 2008 Honda Accord | $4,100.00 |
| 2008 Honda Accord | $5,317.00 |
| 2008 Ford Pickup | $7,319.00 |
| 2008 Honda Element | $7,900.00 |
| Furniture, Office Equipment, Computers | $202,384.00 |
| Wells Fargo Refund | $158.39 |
| Interest | $406.08 |
| Total: | $4,252,624.10 |

ADDITIONAL ASSETS

| Description | Estimated Value |
|---|---:|
| 2007 Ford Expedition | $2,000.00 |
| JD Young Copiers | $3,500.00 |
| Unpaid Contellation Invoice | $10,000.00 |
| Exercise Equipment | $1,000.00 |
| Preference/Fraudulent Transfers | $unknown |
| Total: | $16,500.00 |

As of July 14, 2017, the Trustee has $3,933,343.10 on deposit in his EIT financial account.

## ST2

RECEIPTS

| Description | Amount |
|---|---:|
| Collection of Bank Account | $469,290.64 |
| Utility Deposit Refund | $10,865.94 |
| Sale of Real Estate *(Michigan City, IN)* | $125,000.00 |
| Furniture, Equipment, Drawings | $5,000.00 |
| Accounts Receivable | |
| Duke Energy | $116,400.00 |
| Sale to Aarding | $245,000.00 |
| Duke Energy | $110,000.00 |
| Interest | $107.11 |
| Total: | $1,081,663.69 |

ADDITIONAL ASSETS

| Description | Estimated Value |
|---|---:|
| Preference/Fraudulent Transfers | $unknown |

4

| Total: | $0.00 |

As of July 14, 2017, the Trustee has $1,074,924.22 on deposit in his ST2 financial account.

5. BNPP claims that it is a properly perfected secured creditor in and to all assets of EGH, CCCG, EMF, EIT and ST2, other than certain motor vehicles and trailers on which no lien in favor of BNPP was perfected. BNPP perfected its security interests by filing UCC-1 financing statements in Delaware and Oklahoma, and perfected its security interest in real estate by recording mortgages in the counties where the real estate is located.

6. BNPP provided its loan and other documents, and filed copies of its financing statements and mortgages to the Trustee. BNPP has also filed its secured claim in each case. The supporting documents to BNPP's secured claim are voluminous and are available to any party in interest upon request.

7. BNPP claims it is owed in excess of $30 million by the Debtors.

8. The Trustee's counsel has reviewed BNPP's secured claims, perfection and history of BNPP's lending to the Debtors and has determined that BNPP is in fact owed the sum claimed in its proofs of claim, that BNPP is perfected in all assets of the estates except for certain motor vehicles, cranes and trailers on titles of which BNPP was not perfected, and, subject to Court approval of this compromise and settlement, that BNPP's claims are not subject to avoidance or attack.

9. BNPP desired that the Trustee administer the assets of these cases and sell the assets constituting its collateral. As the parties recognize bankruptcy trustees usually do not administer cases solely to benefit a secured creditor, BNPP and the Trustee negotiated and agreed, subject to Court approval of this compromise and settlement, that the Trustee would administer and sell all the assets in these cases, pay administrative expenses discussed in terms below, and divide the net

proceeds of BNPP's collateral between BNPP (95%) and the bankruptcy estates for the benefit of non-BNPP unsecured creditors (5%), as discussed below.

**WHEREFORE**, he Trustee and BNPP request the Court enter its order approving the following compromise between the Trustee and BNPP for the benefit of creditors of these estates:

a. Allowing BNPP's claims as filed in these cases, all filed May 11, 2017, assigned Claim No. 5 in the EGH case, Claim No. 6 in the CCCG case, Claim No. 15 in the EIT case, Claim No. 73 in the EMF case, and Claim No. 11 in the ST2 case,

b. Waiving any unsecured claim of BNPP in these cases,

c. Waiving any interest of BNPP in any avoidance actions brought by the Trustee,

d. Releasing BNPP from any claims for avoidance of its claims or liens for any reason and releasing BNPP from any and all other claims which could be asserted by the Trustee or the Estates of the Debtors,

e. Approving the Trustee's administration of the assets in these cases with the net proceeds BNPP's collateral to be divided 95% for the benefit of BNPP and 5% for the non-BNPP unsecured creditors of these cases, subject to the proviso described in the immediately following paragraph,

f. Approving the Trustee's charging BNPP's collateral under 11 U.S.C. Section 506(c) with the Trustee's expenses of preserving and selling assets, collecting accounts receivable, insuring the assets and the estates, including the Trustee's Fee and the attorney's fee of the Trustee's counsel as ultimately awarded in these cases, provided that 100% of the costs of to the estate for preparation of tax returns and 100% of the costs of D&O insurance are to be paid from BNPP's share of the net proceeds of BNPP's collateral,

  g. Approving an interim distribution to BNPP as follows:

- $470,592.16 from ST2,
- $2,022,521.77 from EIT, and
- $1,814,558.49 from EMF.

  h. Granting the Trustee and BNPP such other and further relief as may be just and proper.

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103, no later than twenty-four (24) days from the date of filing of this request for relief. You should also mail a filed-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. **The twenty-four (24) day period includes the 3 days allowed for mailing provided for in Rule 9006(f) Fed. R. Bankr. Proc.**

*Respectfully submitted this 2nd day of August, 2017.*

*[signatures on next page]*

7

RIGGS ABNEY NEAL TURPEN
ORBISON & LEWIS

*S/ Scott P. Kirtley*
Scott P. Kirtley, OBA #11388
502 W. 6th Street
Tulsa, Oklahoma 74119
(918) 587-3161
(918) 587-9708 (fax)
skirtley@riggsabney.com

Attorneys for Trustee


CONNER & WINTERS, LLP

*S/ Andrew R. Turner*
Andrew R. Turner, OBA #9125
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-8972
(918) 586-8672 (fax)
aturner@cwlaw.com

Attorneys for BNP Paribas